770 So.2d 1272 (2000)
John Stuart TRENT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-1656.
District Court of Appeal of Florida, Fourth District.
November 15, 2000.
*1273 Richard L. Jorandby, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven R. Parrish, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
GARDINER, ANA I., Associate Judge.
We grant the Appellant's motion for rehearing and issue this substitute opinion.
Appellant, John Trent, appeals the trial court's order revoking probation and sentencing him to a new term of five (5) years probation with 166 days in jail. The Appellant had originally been placed on five years probation after pleading guilty to Fraudulent Use of a Credit Card, Grand Theft, Organized Scheme to Defraud and Petit Theft. The court did not impose any sentence for the Petit Theft charge.
The Appellant was charged with violating the terms and conditions of probation and appeared in court for a violation hearing. The trial court granted a judgment of acquittal as to all of the alleged violations with the exception of filing a late written monthly report. As to that violation, the Appellant pled guilty. The court accepted the Appellant's admission, revoked his probation and orally pronounced a new sentence of five (5) years probation with the same conditions that had been imposed in the original probation. Additionally, the court imposed a new special condition of probation that the Appellant "not engage directly or indirectly in the drapery, shutter, window treatment or any type of decorating business where deposits are taken upon the promise of future work."
After the new sentence was imposed, the trial court filed two written orders. One order revoked probation and sentenced the Appellant to 166 days in jail with credit for time served. The second order reiterated the orally pronounced five (5) year term of probation. On appeal, Appellant argues that the trial court violated his double jeopardy rights by sentencing him to both a term of probation and 166 days in jail. He also argues that the new five (5) year term of probation is excessive.
Upon the revocation of probation, the trial court may impose any sentence that could have been originally imposed before placing Appellant on probation. See Fla. Stat. § 948.06(1)(1999). The sentence may not, when combined with the amount of time previously served, exceed the maximum penalty allowed for the original offense. See Waters *1274 v. State, 662 So.2d 332 (Fla.1995). "Upon revocation of probation credit must be given for time previously served on probation toward any newly-imposed probationary term for the same offense, when necessary to ensure that the total term of probation does not exceed the statutory maximum for that offense." Francois v. State, 695 So.2d 695, 697 (Fla.1997); State v. Summers, 642 So.2d 742, 744 (Fla.1994).
The trial court's sentence of a new five (5) year term of probation for the offense of Scheme to Defraud does not exceed the sentence that could have originally been imposed and is therefore not excessive. The new term of (5) years probation, as to the third degree felonies, is excessive, and must be reduced by awarding the Appellant credit for the time previously served on probation for those offenses.
The trial court's written order sentencing the Appellant to 166 days in jail is in conflict with the oral pronouncement of the sentence that did not include that provision. When a written order conflicts with an oral pronouncement, the orally pronounced sentence prevails. See Tory v. State, 686 So.2d 689 (Fla. 4th DCA 1996).
Appellant also argues on appeal that the trial court abused its discretion by imposing a new special condition of probation that prohibits him from engaging "directly or indirectly in the drapery, shutter, window treatment or any type of decorating business where deposits are taken upon the promise of future work." A special condition of probation is invalid if the condition has no relationship to the crime committed, relates to conduct which is not in itself criminal or forbids conduct that is not reasonably related to future criminality. See Biller v. State, 618 So.2d 734 (Fla.1993). The appellate record in this case does not contain sufficient transcripts to determine whether this new special condition has any relationship to the original criminal conduct of Appellant and therefore this Court is unable to conclude that the imposition of this special condition was not proper. See Stephens v. State, 659 So.2d 1303 (Fla. 1st DCA 1995).
Accordingly, we affirm the trial court's order sentencing Appellant to a new five (5) year term of probation, for the offense of Scheme to Defraud, with a special condition that he not engage directly or indirectly in the drapery, shutter, window treatment or any type of decorating business where deposits are taken upon the promise of future work. We remand to the trial court to reduce the new term of probation on the third degree felonies by the length of time he previously served on probation and to vacate its order sentencing the Appellant to 166 days in jail.
POLEN and SHAHOOD, JJ., concur.