889 So.2d 969 (2004)
Brian Leonard WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D03-4970, 4D03-4971.
District Court of Appeal of Florida, Fourth District.
December 22, 2004.
Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
*970 Charles J. Crist, Jr., Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Williams entered no contest pleas to violating probation and to the substantive offenses of lewd and lascivious exposure and sexual battery on a person under sixteen. His probation was on charges of fleeing and eluding and driving without a valid license. Williams was sentenced to 110.70 months in prison on the primary charge and five years in prison, concurrent, on the violation of probation. We reverse Williams' sentence and remand for re-sentencing. The record reflects that at sentencing, the trial court expressed the erroneous belief that it was barred from sentencing Williams as a youthful offender.
Williams' attorney requested a sentence as a youthful offender. The court, however, indicated that Williams could not be sentenced as a youthful offender because the original probation was not imposed as a youthful offender sentence.
The record reflects the following exchange:
MR. BUTLER (prosecutor): ... Legally I don't know if he can be sentenced as a youthful offender on the probation violation because he wasn't sentenced originally 
THE COURT: He can't.
The discussion then deviated to an ancillary argument, that a youthful offender sanction could not be imposed for the primary offense if it could not also be imposed for the violation of probation offense. Although the state argues on appeal that the record does not "clearly" reflect that the court was under this mistaken belief, we conclude that the clear statement, "he can't," is sufficient to overcome some ambiguity in the record.
In Ellis v. State, 816 So.2d 759 (Fla. 4th DCA 2002), this court recognized that a sentence must be reversed where the sentencing court was under the incorrect impression that it was compelled to sentence the defendant as a habitual offender. Here, the trial court was under the mistaken belief that it could not impose a youthful offender sentence because the original probation was not a youthful offender sentence.
A trial court, in imposing sentence following a revocation of probation, may impose any sentence which it could have originally imposed. See § 948.06(2)(b), Fla. Stat.; Fettler v. State, 885 So.2d 411 (Fla. 1st DCA 2004); Trent v. State, 770 So.2d 1272 (Fla. 4th DCA 2000); Mearns v. State, 779 So.2d 282 (Fla. 2d DCA 1998). See also State v. Brown, 855 So.2d 270, 271 (Fla. 5th DCA 2003)(Torpy, J., concurring). We can discern no basis for distinguishing these circumstances from any other sentence that the court could have imposed.
We reverse and remand so that the trial court may consider whether to impose a youthful offender sentence. The court, of course, remains free to re-impose the existing sentence.
GUNTHER and POLEN, JJ., concur.