ORFINGER, J.
After being adjudicated delinquent of two counts of grand theft and resisting an officer without violence, A.M.B., a juvenile, was committed to a program operated by the Department of Juvenile Justice (DJJ), followed by DJJ supervision until his 19th birthday. As a special condition of supervision, the court required A.M.B. to resign from his high school’s Reserve Officer Training Corp (ROTC) program. A.M.B. appeals that requirement, contending that such a condition is unrelated to the offenses of which he was adjudicated delinquent. We agree.
A condition of probation must be related to the crime of which the offender was convicted. Law v. State, 705 So.2d 632, 634 (Fla. 5th DCA 1998) (citing Grate v. State, 623 So.2d 591, 592 (Fla. 5th DCA 1993)). “A special condition of probation is invalid if a condition has no relationship to the crime committed, relates to conduct which is not in itself criminal or forbids conduct that is not reasonably related to future criminality.” Trent v. State, 770 So.2d 1272, 1274 (Fla. 4th DCA 2000). In this case, A.M.B.’s participation in ROTC bears no relationship to the offenses of which he was adjudicated delinquent. It is more appropriate for the sponsoring school or the ROTC authorities to determine A.M.B.’s eligibility to participate in the program, given his conduct, which, as the trial judge aptly observed, is far below the standard that would generally be expected of ROTC participants.
For these reasons, we affirm A.M.B.’s adjudications of delinquency, but strike the condition of supervision requiring him to resign from ROTC.
SHARP, W. and PETERSON, JJ., concur.