927 So.2d 62 (2006)
G.F., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-3183.
District Court of Appeal of Florida, Fifth District.
March 31, 2006.
James S. Purdy, Public Defender, and James R. Wulchak, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
G.F. appeals his juvenile delinquency disposition order, claiming that the trial court erred by requiring him to attend outpatient sex offender treatment and by continuing its jurisdiction over him after he reaches 19 years of age. We agree and reverse.
G.F. was charged with committing the crime of battery. Testimony was presented that G.F. was a resident at a juvenile facility when he got into a dispute with *63 three employees of the facility and struck them. The trial court found that the State had proven that G.F. committed two counts of battery.
The trial court adjudicated G.F. delinquent and committed him to a level 8 high-risk residential commitment facility for a period of time not to exceed five years, consecutive, on each of two counts, to be followed by post-commitment conditional release. G.F.'s predisposition report indicated that G.F.'s psychological evaluation recommended, among other things, participation in an intensive outpatient sex offender treatment program. Accordingly, the trial court ordered G.F. to participate in mental health counseling and recommended that such counseling include sex offender treatment. The trial court also expressly retained jurisdiction over G.F. until his 22nd birthday. G.F. was sixteen years old at the time.
G.F.'s post-commitment conditional release was subsequently changed to probation by agreement of the parties, nunc pro tunc to the date of sentencing. The amended disposition order specifically set forth that G.F. was to enroll in and complete an out-patient sex offender treatment program as a condition of his probation.
G.F. filed a motion to correct sentencing errors under Florida Rule of Juvenile Procedure 8.135(b)(2),[1] requesting that the trial court enter an order vacating the special condition requiring outpatient sex offender treatment and limiting the time jurisdiction is retained by the court to his 19th birthday. The trial court denied the motion. This appeal timely followed.
On appeal, G.F.'s first argument is that the trial court only has jurisdiction over him until his 19th birthday. We agree.
Commitment probation is governed by section 985.231(1)(a)1.d of the Florida Statutes which provides:
985.231. Powers of disposition in delinquency cases
* * *
[1][a]1.d Notwithstanding s. 743.07 and paragraph (d), and except as provided in s. 985.31, the term of any order placing a child in a probation program must be until the child's 19th birthday unless he or she is released by the court, on the motion of an interested party or on its own motion.
§ 985.231(1)(a)1.d, Fla. Stat. (2003)(emphasis added).
In S.L.K. v. State, 776 So.2d 1062 (Fla. 4th DCA 2001), the Fourth District confronted a similar issue regarding whether the trial court could retain jurisdiction over a juvenile after he reached the age of 19. The Fourth District explained:
Clearly, under section 985.231, the circuit court has jurisdiction over an adjudicated delinquent and it may commit the juvenile to the Department until the child is discharged by the Department or until he or she reaches the age of twenty-one. Thus, section 985.231 permits the circuit court to retain jurisdiction in the event that the juvenile's commitment extends until his or her twenty first birthday. However, section 985.231(1)(a)3 does not permit the court to continue to retain jurisdiction if the juvenile is discharged from his or her commitment prior to age twenty-one. Under such circumstances, the court's *64 authority to retain jurisdiction is limited to the child's nineteenth birthday pursuant to section 985.201(4)(a), Florida Statutes (1999).
In this case, the trial court's disposition order required that, "the child [is to be] placed in a Level 8 program. The placement is for an indeterminate period, but no longer than the maximum sentence allowable by law or the child's 21st birthday." It is quite possible that S.L.K. may be discharged from the Level 8 program, or the Level 6 program if accepted, prior to reaching his twenty-first birthday. Given the language in section 985.231(1)(a)3 that the term of the commitment must be until the child is discharged by the Department or until he or she reaches the age of 21, even if S.L.K. is discharged by the Department prior to his twenty-first birthday, the trial court's disposition order will have the effect of unlawfully extending the court's jurisdiction over the child after his discharge and after his nineteenth birthday. [footnote omitted] Accordingly, upon remand, should the trial court decide to impose the same disposition, its continued jurisdiction over the child shall cease when he reaches the age of nineteen.
Id. at 1065.
Here, the record demonstrates that G.F. was discharged from the Level 8 program prior to his reaching the age of 22 and that he is now on probation. Based on these facts, the trial court only has jurisdiction over G.F. until he reaches the age of 19. Thus, the trial court must correct its disposition order accordingly.
G.F. also claims on appeal that the trial court erred in imposing sex offender treatment as a special condition of his post-commitment probation because he was not convicted of committing any sexual offenses, nor was he ever found delinquent for committing any prior sex offenses.
In a recent case, our court addressed a similar issue involving the imposition of special conditions of probation. In A.M.B. v. State, 917 So.2d 239 (Fla. 5th DCA 2005), the case involved a juvenile, A.M.B., who was adjudicated delinquent on two counts of grand theft and resisting an officer without violence. A.M.B. was committed to a program operated by the Department of Juvenile Justice, followed by Department supervision until his 19th birthday. As a special condition of supervision, the court required A.M.B. to resign from his high school's Reserve Officer's Training Program. A.M.B. appealed that condition contending that such a condition was unrelated to the offenses for which he was adjudicated delinquent. In striking the condition of supervision, our court held that a special condition of probation is invalid if the condition has no relationship to the crime committed, relates to conduct which is not in itself criminal or forbids conduct that is not reasonably related to future criminality. Id. See also Biller v. State, 618 So.2d 734 (Fla.1993).
Here, ordering G.F. to attend sex offender counseling bears no relationship to the offense of which G.F. was adjudicated delinquent. A review of G.F.'s extensive prior record of criminal activity indicates that he was charged with one count of lewd and lascivious molestation where the victim was less than 12 years old and the offender was 18 years old or older, and one count of lewd and lascivious exhibition by a person less than 18 years old where the victim was less than 16 years old. However, G.F.'s record indicates that both charges were dismissed. Arguably, G.F. might receive some benefit from attending sex offender counseling; however, based on the holding of A.M.B., G.F.'s current charges cannot support the trial court's *65 order directing him to attend sex offender counseling. Accordingly, on remand, the condition of probation requiring G.F. to enroll in and complete an outpatient sex offender treatment program must be stricken.
REVERSED and REMANDED.
PLEUS, C.J. and SAWAYA, J., concur.
NOTES
[1] Florida Rule of Juvenile Procedure 8.135(b)(2) was amended to provide the same procedural safeguards as Florida Rule of Criminal Procedure 3.800(b)(2). G.F.'s utilization of rule 8.135(b)(2) preserved his arguments for appellate review. See N.W. v. State, 835 So.2d 1263, 1264 (Fla. 1st DCA 2003).