927 So.2d 1047 (2006)
Nicholas Shawn HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-449.
District Court of Appeal of Florida, Second District.
May 10, 2006.
James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Nicholas Shawn Hill appeals the revocation of his probation and resulting sentence for two counts of lewd battery. We affirm the order revoking Hill's probation but reverse Hill's sentence and remand for a new sentencing hearing.
We first note that the State presented competent, substantial evidence that Hill willfully and substantially violated his probation. As to Hill's argument concerning an alleged discovery violation, our review of the record reflects that any violation was harmless. See Scipio v. State, 928 So.2d 1138, 1141, 2006 WL 345025 (Fla. Feb. 16, 2006) (citing State v. Schopp, 653 So.2d 1016, 1020 (Fla.1995)).
Hill correctly contends that the trial court erred in sentencing him to over fifteen years' imprisonment when the trial court was under the mistaken belief that Hill was not eligible for youthful offender sentencing. Pursuant to a plea agreement, Hill was originally sentenced as an adult to a year and a day in prison, to be followed by ten years' probation. The trial court believed that because Hill was originally sentenced to prison as an adult, the court was foreclosed from considering a youthful offender sentence on violation of probation.
Upon revocation of a defendant's probation, a trial court is "free to impose any sentence it may have originally imposed before placing him on probation." Mearns v. State, 779 So.2d 282, 283 (Fla. 2d DCA 1998); see also § 948.06(2)(b), Fla. Stat. (2004) (providing, upon revocation of probation, for the trial court to "impose any sentence which it might have originally imposed before placing the probationer on probation"). The Fourth District cited section 948.06(2)(b) and Mearns in Williams v. State, 889 So.2d 969 (Fla. 4th *1048 DCA 2004). There, the defendant was placed on probation as an adult, and upon revocation of probation, "the trial court was under the mistaken belief that it could not impose a youthful offender sentence because the original probation was not a youthful offender sentence." Id. at 970. The Fourth District reversed and remanded for the trial court to consider whether to impose a youthful offender sentence but noted that the trial court remained "free to re-impose the existing sentence." Id.
Thus, we reverse Hill's sentence and remand for a new sentencing hearing at which the trial court should consider youthful offender sentencing as one of its options.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and KELLY, JJ., Concur.