978 So.2d 263 (2008)
STATE of Florida, Appellant,
v.
Betty LANGDON, Appellee.
No. 4D07-316.
District Court of Appeal of Florida, Fourth District.
April 9, 2008.
Bill McCollum, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellee.
STONE, J.
We reverse the sentence imposed upon Langdon's open plea of no contest to charges of possession of cocaine with intent to sell or deliver and possession of drug paraphernalia. The trial court relied on section 948.034, Florida Statutes, in sentencing Langdon to drug offender probation in a downward deviation from the guidelines for which she was not eligible.
In case 06-15090, Langdon pled guilty to possession of cocaine with intent to sell or deliver, in violation of section 893.13(1)(a)1., Florida Statutes (2006). In case 04-19230, in which the trial court revoked Langdon's probation, the underlying offense was possession of cocaine, a violation of section 893.13(6)(a), Florida Statutes (2004). In both cases, the trial *264 court imposed a sentence of thirty months in prison (with twenty months suspended) to be followed by eighteen months drug offender probation.
Section 948.034 covers terms and conditions of probation in a community residential drug punishment center for defendants committing the drug offenses enumerated in chapter 893, Florida Statutes. See Parker v. State, 839 So.2d 736, 737 (Fla. 1st DCA 2003). Section 948.034 is an alternative to the sentencing guidelines concerning certain chapter 893 drug-related offenses. See Jones v. State, 813 So.2d 22, 25 n. 2 (Fla.2002). When considered alone, it appears Langdon's drug offenses would qualify for probation under the statute. However, "statutes must be read together to ascertain their meaning." Rollins v. Pizzarelli, 761 So.2d 294, 298 (Fla.2000); see also Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla.1992) (stating that, "[w]here possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another").
Reading section 948.034 together with the relevant portions of sections 921.187[1] and 893.13[2]  both of which reference section 948.034  it follows that a defendant who has a felony conviction of a non-drug related offense is not eligible to receive an alternate sentence under section 948.034. Here, the criminal punishment code scoresheet reflects that Langdon was such a defendant; in addition to having multiple prior possession of cocaine convictions, Langdon also had a prior conviction for grand theft, a third-degree felony.
Chapter 893 is entitled "Drug Abuse Prevention and Control," and section *265 948.034 is an alternative to the sentencing guidelines concerning certain chapter 893 drug-related offenses. Jones, 813 So.2d at 25 n. 2. Sections 893.13, 921.187, and 948.034 are not mutually exclusive, and when read together, clearly are part of a legislative package preventing a defendant in Langdon's position, having prior convictions not allowed under section 893.13, from benefiting from a downward departure.
The record reflects that the trial court was concerned that section 948.034 did not reference the other two statutes, sections 921.187 and 893.13. However, statutes having related purposes may be read together without the need for a specific reference or directive within the language of either statute. See, e.g., DuFresne v. State, 826 So.2d 272, 276 (Fla. 2002). Here, all of the chapters at issue deal with sentencing combined with drug abuse control. Section 921.187 (Disposition and sentencing; alternatives; restitution) states that "[t]he alternatives provided in this section for the disposition of criminal cases shall be used in a manner that will best serve the needs of society, punish criminal offenders, and provide the opportunity for rehabilitation." § 921.187(1), Fla. Stat.
Further, in case 04-19230, in which the trial court revoked Langdon's probation based on the 2006 offenses, the court could have imposed any sentence it could have originally imposed.[3] The trial court, thus, erred in sentencing Langdon to drug offender probation under section 948.034(2), where Langdon had five previous convictions for possession of cocaine. For violations of section 893.13(6)(a) (possession of cocaine), the legislature provided in section 948.034(2) that offenders with up to four previous convictions are eligible for drug offender probation. The record reflects, and Langdon concedes, that Langdon has more than four drug possession convictions.
We, therefore, reverse and remand for imposition of a guideline sentence.
STEVENSON and TAYLOR, JJ., concur.
NOTES
[1] Section 921.187, Florida Statutes, states in relevant part:

(b)1. Notwithstanding any provision of former s. 921.001 or s. 921.002 to the contrary, on or after October 1, 1993, the court may require any defendant who violates s. 893.13(1)(a)1., . . . and meets the criteria described in s. 893.13(1), to successfully complete a term of probation pursuant to the terms and conditions set forth in s. 948.034(1), in lieu of serving a term of imprisonment.
2. Notwithstanding any provision of former s. 921.001 or s. 921.002 to the contrary, on or after October 1, 1993, the court may require any defendant who violates s. 893.13 . . . (6)(a), and meets the criteria described in s. 893.13(11), to successfully complete a term of probation pursuant to the terms and conditions set forth in s. 948.034(2), in lieu of serving a term of imprisonment. [emphasis added]
[2] Sections 893.13(10) and (11), which are referred in the above statute, provide:

(10) Notwithstanding any provision of the sentencing guidelines or the Criminal Punishment Code to the contrary, on or after October 1, 1993, any defendant who:
(a) Violates subparagraph (1)(a)1. . . . and
(b) Has not previously been convicted, regardless of whether adjudication was withheld, of any felony, other than a violation of subparagraph (1)(a)1, subparagraph (1)(c)2., subparagraph (1)(d)2., subparagraph (2)(a)1., or paragraph (5)(a),
may be required by the court to successfully complete a term of probation pursuant to the terms and conditions set forth in s. 948.034(1), in lieu of serving a term of imprisonment.
(11) Notwithstanding any provision of the sentencing guidelines or the Criminal Punishment Code to the contrary, on or after January 1, 1994, any defendant who:
(a) Violates subparagraph . . . (6)(a); and
(b) Has not previously been convicted, regardless of whether adjudication was withheld, of any felony, other than a violation of subparagraph (1)(a)2., subparagraph (2)(a)2., paragraph (5)(b), or paragraph (6)(a),
may be required by the court to successfully complete a term of probation pursuant to the terms and conditions set forth in s. 948.034(2), in lieu of serving a term of imprisonment. [emphasis added]
[3] See, e.g., Williams v. State, 889 So.2d 969 (Fla. 4th DCA 2004) (a trial court, in imposing sentence following a revocation of probation, may impose any sentence which it could have originally imposed).