GERBER, J.
 

 This appeal presents the question of whether a defendant with prior non-drug felony convictions is eligible for an alternative sentence under section 948.20, Florida Statutes (2008). We answer yes, and remand for the circuit court to consider the defendant’s motion for alternative' sentencing.
 

 The State charged the defendant with possession of cocaine under section 893.13(6)(a), Florida Statutes (2008), plus three misdemeanors. The defendant entered a no contest plea to the court on the charges. During the plea colloquy, the defendant moved for alternative sentencing under section 948.20, Florida Statutes (2008), which states:
 

 If it appears to the court upon a hearing that the defendant is a chronic substance abuser whose criminal conduct is a violation of s. 893.13(2)(a) or (6)(a), the court may either adjudge the defendant guilty or stay and withhold the adjudication of guilt; and, in either case, it may stay and withhold the imposition of sentence and place the defendant on drug offender probation.
 

 (1) The Department of Corrections shall develop and administer a drug offender probation program which emphasizes a combination of treatment and intensive community supervision approaches and which includes provision for supervision of offenders in accordance with a specific treatment plan. The program may include the use of graduated sanctions consistent with the conditions imposed by the court. Drug offender probation status shall include surveillance and random drug testing, and may include those measures normally associated with community control, except that specific treatment conditions and other treatment approaches necessary to monitor this population may be ordered.
 

 (2) Offenders placed on drug offender probation are subject to revocation of probation as provided in s. 948.06.
 

 
 *288
 
 § 948.20, Fla. Stat (2008).
 
 [1]
 

 The defendant expressed that, if the circuit court denied the motion, the defendant would reserve the right to appeal that denial. The circuit court, relying on
 
 State v. Langdon,
 
 978 So.2d 263 (Fla. 4th DCA 2008), denied the motion, finding that the defendant was ineligible for an alternative sentence under section 948.20 because he had prior non-drug felony convictions. After completing the plea colloquy and a brief sentencing hearing, the circuit court adjudicated the defendant guilty on all counts and sentenced him to thirty-six months in prison on the cocaine charge and time served on the misdemeanors.
 

 The defendant appeals, arguing that the circuit court erred in finding the defendant ineligible for an alternative sentence under section 948.20 because he had prior non-drug felony convictions. The State responds that the statute’s use of the word “may” in the first paragraph gives a court the discretion to grant or deny motions under the statute, and the circuit court did not abuse its discretion in denying the motion because the defendant had both non-drug and drug convictions.
 

 The record indicates that the circuit court denied the motion as a matter of law based on its interpretation of
 
 Lang-don,
 
 not based on the exercise of its discretion under the statute. Therefore, our review is
 
 de novo. See State v. Sigler,
 
 967 So.2d 835, 841 (Fla.2007) (“[Judicial interpretation of statutes ... are pure questions of law subject to the
 
 de novo
 
 standard of review.”).
 

 We agree with the defendant that the circuit court erred in finding the defendant ineligible for an alternative sentence under section 948.20 because he had prior non-drug felony convictions. The circuit court inadvertently misinterpreted
 
 Langdon.
 
 That case dealt with a different statute, section 948.034, which covers terms and conditions of probation in a community residential treatment center for defendants committing the drug offenses enumerated in chapter 893. 978 So.2d at 264. We held in
 
 Langdon
 
 that a defendant who has a felony conviction of a non-drug related offense is not eligible to receive an alternate sentence under' section 948.034.
 
 Id.
 
 We reached that holding because section 893.13 expressly states that a court may sentence a defendant to probation under section 948.034 if the defendant has not previously been convicted of a non-drug felony.
 
 Id.
 
 at 264-65 (citing § 893.13(10) and (11), Fla. Stat.).
 

 Section 893.13 does not prohibit a court from considering an alternative sentence under section 948.20 if the defendant has been convicted of a non-drug felony. Nor does any other statute contain such a prohibition. The circuit court erred by imposing such a prohibition in this case, requir
 
 *289
 
 ing that this court reverse the judgment and sentence.
 

 On remand, the circuit court shall reconsider the defendant’s motion for alternative sentencing under section 948.20’s plain language. Neither the circuit court nor the parties should interpret this opinion as suggesting that the circuit court must stay and withhold the adjudication of guilt or the imposition of sentence or place the defendant on drug offender probation. Rather, the circuit court retains the discretion to decide the defendant’s motion under the statute’s terms.
 

 Reversed and remanded.
 

 DAMOORGIAN and LEVINE, JJ„ concur.
 

 [1]
 

 . Although not material to this opinion, the Legislature, in 2009, amended the first paragraph of section 948.20 as follows:
 

 If it appears to the court upon a hearing that the defendant is a chronic substance abuser whose criminal conduct is a violation of s. 893.13(2)(a) or (6)(a),
 
 or other nonviolent felony if such nonviolent felony is committed on or after July 1, 2009, and notwithstanding s. 921.0024 the defendant’s Criminal Punishment Code scoresheet total sentence points are 52 points or fewer,
 
 the court may either adjudge the defendant guilty or stay and withhold the adjudication of guilt. ; and, in
 
 In
 
 either case, it
 
 the court
 
 may
 
 also
 
 stay and withhold the imposition of sentence and place the defendant on drug offender probation*
 
 or into a postadju-dicatoiy treatment-based drug court program if the defendant otherwise qualifies.
 
 As
 
 used in this section, the tenn 'nonviolent felony’ means a third-degree felony violation under chapter 810 or any other felony offense that is not a forcible felony as defined in s. 776.08.
 

 § 948.20, Fla. Stat. (2009) (emphasis added).