PER CURIAM.
 

 Eric Ross entered a no contest plea to 2006 and 2007 possession of cocaine charges filed in three lower court case numbers. He then sought the imposition
 
 *464
 
 of an alternative sentence pursuant to section 948.20, Florida Statutes (2007),
 
 [1]
 
 authorizing the trial court to withhold the imposition of sentence and to place the defendant on “drug offender probation” if the defendant is “a chronic substance abuser whose criminal conduct is a violation of s. 893.13(2)(a) or (6)(a).” The State insisted Ross’s multiple prior, non-drug felony convictions precluded the imposition of sentence under section 948.20, relying upon
 
 State v. Langdon,
 
 978 So.2d 263 (Fla. 4th DCA 2008), where this court held that a defendant with prior, non-drug felony convictions could not receive a sentence of probation under section 948.034, Florida Statutes. The trial court accepted the State’s argument and denied Ross’s motion for alternative sentencing. Ross appealed.
 

 Subsequent to the imposition of sentence, this court held that
 
 Langdon
 
 does not control the imposition of sentence pursuant to section 948.20 and that a defendant’s prior, non-drug felony convictions do not bar the imposition of a drug offender probation sentence under section 948.20.
 
 See Nelson v. State,
 
 16 So.3d 286 (Fla. 4th DCA 2009);
 
 see also State v. Cox,
 
 19 So.3d 1183 (Fla. 4th DCA 2009);
 
 Nelson v. State,
 
 17 So.3d 911 (Fla. 4th DCA 2009). We thus reverse the trial court’s denial of Ross’s motion for imposition of an alternative sentence pursuant to section 948.20 and remand the case so that the trial court may reconsider the matter.
 

 Reversed and Remanded.
 

 WARNER, POLEN and STEVENSON, JJ., concur.
 

 [1]
 

 . Effective July
 
 1,
 
 2009, section 948.20 was amended.
 
 See
 
 Ch. 2009-64, § 7, at 583-84, Laws of Fla.