PER CURIAM.
Curtis McGrill (McGrill) appeals a final order of the circuit court denying his motion for an alternative sentence and imposing a conviction and sentence. We reverse the order of the trial court, holding that a defendant whose criminal conduct is in •violation of section 893.13(2)(a) or (6)(a), Florida Statutes (2009), is not barred from obtaining an alternative sentence under section 948.20(1), Florida Statutes (2009), if his Criminal Punishment Code score-sheet total sentence points exceed fifty-two.
Factual Background
McGrill was charged with possession of cocaine in violation of section 893.03(2)(a)(4), Florida Statutes (2008), and section 893.13(6)(a), Florida Statutes (2008). His Criminal Punishment Code (CPC) scoresheet tallied 78.4 points. He pled no contest to the charges and filed a motion for an alternative sentence under section 948.20, Florida Statutes (2009).
At the hearing on McGrill’s motion, the state argued that Florida’s Drug Offender Probation statute did not apply to any person charged with a felony who scored fifty-two points or higher on his CPC scoresheet. McGrill argued that only offenders charged with a non-violent felony committed on or after July 1, 2009, were required to score fifty-two points or fewer. The contested portion of the statute is as follows:
If it appears to the court upon a hearing that the defendant is a chronic substance abuser whose criminal conduct is a violation of s. 893.13(2)(a) or (6)(a), or other nonviolent felony if such nonviolent felony is committed on or after July 1, 2009, and notwithstanding s. 921.0024 the defendant’s Criminal Punishment Code scoresheet total sentence points are 52 points or fewer, the court may either adjudge the defendant guilty or stay and withhold the adjudication of guilt.
§ 948.20(1), Fla. Stat. (2009).
The circuit court held that the statute was not ambiguous and that McGrill did not qualify under it. McGrill then entered a plea, but expressly reserved the right to appeal the court’s ruling.
Analysis
Because the circuit court, relying on its interpretation of the statute, denied McGrill’s motion as a matter of law, we review the court’s decision de novo. Nelson v. State, 16 So.3d 286, 288 (Fla. 4th DCA 2009).
*132 We disagree with the trial court’s view that the statute is unambiguous. A statute is ambiguous if reasonable people could find different meanings from the same language. Blanton v. City of Pinellas Park, 887 So.2d 1224, 1230 (Fla.2004). This statute can reasonably be interpreted in at least two ways. First, the comma after “July 1, 2009” may be a joining comma. If this is the case, then the language “notwithstanding s. 921.0024 the defendant’s Criminal Punishment Code score-sheet total sentence points are 52 points or fewer,” modifies (1) defendants whose criminal conduct violated either s. 893.13(2)(a) or 893.13(6)(a) and (2) nonviolent felons who committed a felony on or after July 1, 2009. This comports with the state’s interpretation of the statute.
Second, the comma after “July 1, 2009” may simply exist because the rules of grammar dictate that, when writing a proper date, a comma is included after both the date and the year. If this is the case, then the language “notwithstanding s. 921.0024 the defendant’s Criminal Punishment Code scoresheet total sentence points are 52 points or fewer,” would apply only to offenders who committed a nonviolent felony on or after July 1, 2009. This is McGrill’s interpretation of the statute.
Having decided that section 948.20, Florida Statutes (2009), is inherently ambiguous, we turn to traditional tools of statutory interpretation. Blanton, 887 So.2d at 1224. “[L]egislative intent is the polestar that guides a court’s statutory construction analysis.” McLean v. State, 934 So.2d 1248, 1258-59 (Fla.2006) (alteration in original) (citations omitted). Prior to its amendment in 2009, section 948.20 made no mention of a defendant’s criminal score sheet:
If it appears to the court upon a hearing that the defendant is a chronic substance abuser whose criminal conduct is a violation of s. 893.13(2)(a) or (6)(a), the court may either adjudge the defendant guilty or stay and withhold the adjudication of guilt; and, in either case, it may stay and withhold the imposition of sentence and place the defendant on drug offender probation.
§ 948.20, Fla. Stat. (2004). The statute was amended so courts could, at their discretion, place certain non-violent felony offenders into post-adjudicatory treatment-based drug court programs. Ch.2009-64, § 7, Laws of Fla.
Furthermore, “[i]t is axiomatic that all parts of a statute must be read together in order to achieve a consistent whole.” Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla.1992) (emphasis in original). The state’s interpretation of the statute would render a great deal of its language superfluous. A defendant whose criminal conduct solely violates section 893.13(6)(a) is a non-violent felon. There is no reason to set off offenders found to be in violation of section 893.13(2)(a) or (6)(a) if they are subject to the same restrictions as all other nonviolent felony offenders. If the legislature had intended that all offenders seeking an alternative sentence have a CPC score-sheet totaling fifty-two points or fewer, then it would have excised any language regarding section 893.13 when it amended section 948.20.
Additionally, “the rule of lenity requires that when language of a statute is susceptible of differing constructions, it must be construed most favorably to the accused.” State v. Hunter, 65 So.3d 1123, 1126 (Fla. 4th DCA 2011) (Warner, J., concurring) (citing § 775.021(1), Fla. Stat. (2008)). Section 948.20(1), when constructed in the light most favorable to the accused, does not require that a defendant *133 whose criminal conduct is in violation of section 893.13(6)(a) have a CPC scoresheet totaling fifty-two points or fewer.[1]
Our opinion should not be interpreted as holding that all offenders who seek an alternative sentence under section 948.20(1), and whose criminal conduct is in violation of s. 893.13(2)(a) or (6)(a), are entitled to one. McGrill’s CPC scoresheet reflects a significant amount of criminal history on his part. We hold only that McGrill’s scoresheet does not bar him from obtaining an alternative sentence; it is simply a factor the trial court should consider before deciding whether or not to impose an alternative sentence. See Nelson, 16 So.3d at 289.
POLEN, STEVENSON, and TAYLOR, JJ., concur.

. The Florida Legislature amended section 948.20 in 2011 by changing the score sheet total sentence point requirement from 52 to 60. § 948.20(1), Fla. Stat. (2011). However, in all other aspects, the statute remains unchanged.