PALMER, J.
The State appeals the drug offender probation sentence imposed by the trial court on Robert Winbush. Determining that Winbush was not eligible to receive drug offender probation, we reverse.
Winbush pled nolo contendere to the crime of delivery of cannabis, in violation of section 893.13(l)(a)2 of the Florida Statutes (2011). At sentencing, Winbush scored 63 points on his sentencing score-sheet which translated to a sentencing range of between 26.25 months’ and five years’ imprisonment, but he requested that the trial court impose a term of drug offender probation instead of a prison sentence.
The drug offender statute reads, in relevant part, as follows:
*1166 948.20. Drug offender probation
(1) If it appears to the court upon a hearing that the defendant is a chronic substance abuser whose criminal conduct is a violation of s. 893.13(2)(a) or (6)(a), or other nonviolent felony if such nonviolent felony is committed on or after July 1, 2009, and notwithstanding s. 921.0024 the defendant’s Criminal Punishment Code scoresheet total sentence points are 60 points or fewer, the court may either adjudge the defendant guilty or stay and withhold the adjudication of guilt. In either ease, the court may also stay and withhold the imposition of sentence and place the defendant on drug offender probation or into a post adjudicatory treatment-based drug court program if the defendant otherwise qualifies.
§ 948.20, Fla. Stat. (2011). Because he scored more than 60 points on his sentencing scoresheet and he was not convicted of an offense specifically referenced in the drug offender probation statute, Winbush was ineligible to receive drug offender probation. Cf. McGrill v. State, 82 So.3d 130 (Fla. 4th DCA 2012) (holding that the defendant, who pled no contest to the charge of possession of cocaine in violation of section 893.13(6)(a),⅛ fell within the express parameters of the drug offender probation statute and thus qualified to receive drug offender probation).
Accordingly, Winbush’s sentence is reversed and this matter is remanded for re-sentencing.
Conviction AFFIRMED; Sentence REVERSED; Cause REMANDED.
TORPY, C.J. and GRIFFIN, J., concur.