IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JASON DANIEL TAYLOR,

      Appellant,

 v.                                      Case No.  5D16-2974

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed September 7, 2017

Appeal from the Circuit Court
for Lake County,
Don F. Briggs, Judge.

James S. Purdy, Public Defender, and
Thomas J. Lukashow, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Rock
McGuigan, Assistant Attorney General,
Daytona Beach, for Appellee.

LAMBERT, J.

Following the denial of Appellant's motion to withdraw his open plea, the trial court

adjudicated Appellant guilty on the sole count of dealing in stolen property, a

second-degree felony,[1] and sentenced him to serve ten years in prison, to be followed by

---

[1] § 812.019(1), Fla. Stat. (2014).

four years of drug offender probation. In this direct appeal, Appellant challenges his conviction and sentence. We reject Appellant's various arguments for reversal of the conviction without further discussion.

However, we agree with Appellant, and the State has conceded, that the trial court erred by placing Appellant on drug offender probation.[2] Section 948.20(1), Florida Statutes (2014), sets forth the specific circumstances under which a defendant may be placed on drug offender probation. Because Appellant was not convicted of one of the specific crimes described in the statute for which drug offender probation is authorized, he could only be placed on drug offender probation following his open plea if he committed a nonviolent felony as defined in this statute and his Criminal Punishment Code scoresheet total sentence points were sixty points or fewer. *See* § 948.20(1), Fla. Stat. (2014). Appellant scored 181 sentencing points on his scoresheet and was therefore ineligible to receive drug offender probation. *See State v. Winbush*, 121 So. 3d 1165, 1166 (Fla. 5th DCA 2013) (holding that a defendant who scored more than sixty points on his sentencing scoresheet and was not convicted of an offense specifically referenced in the drug offender probation statute was ineligible to receive drug offender probation).

On remand, the trial court may resentence Appellant to regular probation and may also impose such special conditions as it deems appropriate, provided that they are reasonably related to the offense and promote Appellant's rehabilitation or are for the protection of the public. *See Redmond v. State*, 970 So. 2d 915, 916 (Fla. 5th DCA 2007).

---

[2] Appellant preserved appellate review of this sentencing error by timely filing a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).

2

Accordingly, Appellant's conviction is affirmed; that part of his sentence imposing drug offender probation is reversed; and this matter is remanded for resentencing.

CONVICTION AFFIRMED; SENTENCE REVERSED, IN PART; CAUSE REMANDED.

COHEN, C.J., and ORFINGER, J., concur.