# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-1527

_____

DALE E. FOLSOM,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Francis J. Allman, Jr., Judge.

April 10, 2023

TANENBAUM, J.

In September 2021, Dale Folsom entered an open plea of no contest to, among other crimes, trafficking in methamphetamines. For Folsom's cooperation with the State, the trial court departed significantly downward and sentenced him to eight years in prison on the trafficking offense, followed by ten years of probation. Of those ten years of probation, the first five years were to be "felony drug offender probation," and the next five were to be "regular probation." Folsom did not appeal. Later, however, he filed a motion with the trial court that asserted the drug-offender probation was illegal because it was not authorized by section 948.20, Florida Statutes (2021), for an offense as serious as his. The trial court denied that motion, and we have that denial before us on appeal.

According to Folsom's motion, he had over 300 points on his sentencing scoresheet, making him ineligible for the drug-offender probation under the statute. *Cf.* § 948.20(1), Fla. Stat. (stating that the trial court *may* "stay and withhold the imposition of sentence and place the defendant on drug offender probation or into a postadjudicatory treatment-based drug court program" if the trial court determines "that the defendant is a chronic substance abuser whose criminal conduct is a violation of s. 893.13(2)(a) or (6)(a), or other nonviolent felony . . . and . . . the defendant's Criminal Punishment Code scoresheet total sentence points are 60 points or fewer"). In his initial brief, Folsom relies on a decision from the Fifth District Court of Appeal to support his request to vacate the trial court's order. *See State v. Winbush*, 121 So. 3d 1165, 1166 (Fla. 5th DCA 2013) ("Because he scored more than 60 points on his sentencing scoresheet and he was not convicted of an offense specifically referenced in the drug offender probation statute, Winbush was ineligible to receive drug offender probation."). We reject his position.

The essence of Folsom's argument is not that the trial court did not have the authority to impose probation. (Notably, he does not challenge the *next* five years of "regular probation.") His disagreement is with the special conditions of the first five years of probation. For the probation he challenges to be cognizable as "illegal" under Florida Rule of Criminal Procedure 3.800(a), it must constitute punishment "that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances." *Carter v. State*, 786 So. 2d 1173, 1181 (Fla. 2001). Section 948.20(1) is permissive: Under the stated circumstances, the trial court may impose drug-offender probation *in lieu of* a sentence of incarceration. In Folsom's case, the trial court did not substitute drug offender probation for a prison sentence. Instead, it imposed a prison sentence followed by probation. *Cf. Poore v. State*, 531 So. 2d 161, 164 (Fla. 1988) (approving as "one of five basic sentencing alternatives in Florida . . . a 'probationary split sentence' consisting of a period of confinement, none of which is suspended, followed by a period of probation").

Section 948.03(1), Florida Statutes, gives the trial court the authority to "determine the terms and conditions of probation." That subsection enumerates a variety of standard conditions, but

that "enumeration . . . does not prevent the court from adding thereto such other or others as it considers proper." *Id.* (2). Indeed, the trial court "may determine any special terms and conditions of probation or community control." § 948.039, Fla. Stat. There is nothing in the law that prevented the trial court from including the terms and conditions of drug-offender probation as part of Folsom's overall probation. On its face, then, Folsom's rule 3.800(a) motion failed to state a basis for relief.

The only challenge Folsom conceivably could make regarding the special terms and conditions is that they are not "reasonably related to the circumstances of the offense committed and appropriate for the offender" or that the court failed to set them out as part of an "oral pronouncement at sentencing and include the terms and conditions in the written sentencing order." § 948.039, Fla. Stat. That type of challenge, however, is not one that goes to the legality of the sentence itself—that is, a legal deficiency in the sentence so fundamental that the supreme court has provided a rule permitting the deficiency to be raised at any time. Instead, it is a challenge to the sentencing process or to the order that resulted from that process. *Cf. Jackson v. State*, 983 So. 2d 562, 572 (Fla. 2008) (describing rule 3.800(b) as being available to correct "sentencing errors"—"those apparent in *orders* entered as a result of the sentencing process"); *id.* at 574 (acknowledging that rule 3.800(b) "encompasses any claim that could be raised under rule 3.800(a)" but explaining that subdivision (b) "is not limited to errors resulting in an 'illegal' sentence" and "[t]here are 'sentencing errors' to which the defendant may have had an opportunity to object that do not result in an 'illegal' sentence or a sentence otherwise subject to correction under rule 3.800(a)").

Because the error that Folsom claimed in his motion was not cognizable under rule 3.800(a), the record before us "shows conclusively that [Folsom] is entitled to no relief." Fla. R. App. P. 9.141(b)(2)(D). We have no need for an answer brief to help us reach this determination. *Cf. id.* (2)(C)(i) (stating that the

3

"appellee need not file an answer brief unless directed by the court"). The trial court was correct to deny the motion.[*]

AFFIRMED.

LONG, J., concurs; BILBREY, J., dissents with opinion.

––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––

BILBREY, J., dissenting.

Appellant was convicted of various crimes including trafficking in methamphetamine in violation of section 893.135, Florida Statutes (2018). On the trafficking count, Appellant was sentenced to eight years in prison followed by five years of drug offender probation and then five years standard probation.

Appellant filed a timely motion to correct this sentence claiming that it was illegal. *See* Fla. R. Crim. P. 3.800(a). He claimed that since he scored 300 points on his Criminal Punishment Code scoresheet, he could not be sentenced to drug

––––––––––––––––––––––––

[*] We disagree that *State v. Winbush*, 121 So. 3d 1165 (Fla. 5th DCA 2013) applies, and this disposition should not be read as being in conflict. *Winbush* involved a direct appeal by the State after the trial court imposed drug offender probation in lieu of a prison sentence, even though the lowest permissible sentence was 26.25 months in prison. The defendant in that case did not qualify under section 948.20 for such a substitute sentence, and the appellate court found that reversible error in the context of direct review of the sentence. The circumstances of this appeal are different: We have here a departure sentence that included prison time, and this appeal comes here pursuant to Florida Rule of Appellate Procedure 9.141, with respect to denial of a motion under rule 3.800(a). Our scope of review here is much more narrow.

4

offender probation. *See* § 948.20(1), Fla. Stat. (allowing a defendant to be placed on drug offender probation for certain offenses when the "scoresheet total sentence points are 60 or fewer").

The Fifth District Court has held that a defendant whose scoresheet exceeded 60 points was ineligible for drug offender probation. *See Taylor v. State*, 227 So. 3d 1252 (Fla. 5th DCA 2017); *State v. Winbush*, 121 So. 3d 1165 (Fla. 5th DCA 2013). As allowed by rule 9.141(b)(2)(C)(ii), Florida Rules of Appellate Procedure, I would therefore direct the State to file an answer brief. I respectfully dissent from the majority's decision to affirm the denial of Appellant's claim of an illegal sentence without first hearing from the State and then allowing Appellant to serve a reply. *See id.*

———————————————

Dale E. Folsom, pro se, for Appellant.

Ashley Moody, Attorney General, and Miranda L. Butson Assistant Attorney General, Tallahassee, for Appellee.